IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LOUIS WILLINGHAM, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-162 |
| | ) | |
| EYE PHYSICIANS & SURGEONS OF | ) | |
| AUGUSTA, PC, *d/b/a*, Eye Guys, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, a resident of Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

**I.    SCREENING OF THE COMPLAINT**

**A.    BACKGROUND**

Plaintiff names Eye Physicians & Surgeons of Augusta, PC, ("the Eye Guys"), located at 1330 Interstate Parkway, Augusta, Georgia, as the sole Defendant in this case. (Doc. no. 1, pp. 1, 2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff had cataract surgery on his right eye at the Eye Guys medical center on October 31, 2013. (Id. at 2.) Upon awakening from the surgery, doctors told Plaintiff he had

to see Dr. Harinderjit Singh, but they did not explain why. (Id.) Upon arrival at Dr. Singh's office, x-rays were taken, and Dr. Singh explained that doctors at the Eye Guys had broken an artificial lens in Plaintiff's eye. (Id.) The glass in Plaintiff's eye could not be removed, however, because the eye was extremely swollen and full of blood. (Id.) Dr. Singh prescribed several types of medication and told Plaintiff to return in one week to see if the swelling had subsided enough to perform the corrective surgery. (Id. at 2-3.)

After following a rigorous medication routine that caused Plaintiff significant pain, he returned to Dr. Singh and had the surgery to remove the glass in his eye. (Id. at 3.) However, because of damage caused by the broken lens, Plaintiff's eye continued to bleed internally, and he had to have monthly "needle injections" for six months. (Id.) Dr. Singh then performed "high tech laser surgery" that stopped the internal bleeding but did not completely heal Plaintiff's eye. (Id.) Plaintiff continued with the needle injections for eighteen months. (Id.) After going through these painful and scary treatments, Plaintiff was told that although he no longer needs the injections, he needs to wear glasses that will cost between $850 and $1,500. (Id.) Plaintiff seeks $16,888,888.00 for the damage to his eye and for his resultant suffering. (Id. at 4.)

### B. DISCUSSION

#### 1. Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as

dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Federal Subject Matter Jurisdiction.

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel.* Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001). To invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. The burden is on the party invoking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).

Here, the complaint is devoid of any federal claim or cause of action and appears to be a medical malpractice claim based on the surgery performed at the Eye Guys medical center on October 31, 2013. (See generally doc. no. 1.) Plaintiff also fails to allege any basis

for the exercise of federal diversity jurisdiction.  See id.; 28 U.S.C. § 1332(a).  Although Plaintiff seeks damages well in excess of the $75,000 threshold, the controversy is not between citizens of different states.  Plaintiff lists a home address in Georgia.  (Doc. no. 1, p. 1).  The Eye Guys is a professional corporation formed, and operating its principal place of business, in Georgia.  See Office of the Georgia Secretary of State, http://www.sos.ga.gov, (follow "Corporations" hyperlink; then "Business Search" hyperlink; then search for "Eye Physicians & Surgeons of Augusta, P.C.," last visited Oct. 8, 2015).  A corporation is deemed a citizen of every state in which it is incorporated and where it has its principal place of business.  28 U.S.C. 1332(c)(1).  Thus, Plaintiff and Defendant are both residents of Georgia.

Because Plaintiff has failed to plead sufficient facts to establish he is entitled to invoke the jurisdiction of the federal courts, his complaint must be dismissed.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of October, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA